UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HEZEKIAH PRESCOTT,

     Petitioner,

v.

WILLIS CHAPMAN, *Warden*,

     Respondent.

Case No. 20-cv-10129
Honorable Laurie J. Michelson

---

## OPINION AND ORDER DENYING PETITION FOR HABEAS CORPUS

Robert Prescott, "a taxicab driver, assaulted and raped a young woman at gunpoint after she rebuffed his sexual advances during a taxicab ride. After ejaculating inside of her vagina, [Prescott] cried, expressed his love for the victim, threatened to kill her if she told anyone about the incident, and drove her home." *People v. Prescott*, No. 326739, 2016 WL 3004416, at *1 (Mich. Ct. App. May 24, 2016). Following a jury trial in Michigan state court, Prescott was convicted of four counts of first-degree criminal sexual conduct, one count of unlawful imprisonment, one count of felonious assault, one count of carrying a concealed weapon, one count of felon in possession of a firearm, and seven counts of felony firearm. He was sentenced as a fourth-habitual offender to a lengthy prison sentence, including 40 to 60 years for his first-degree criminal-sexual-conduct convictions.

Prescott has now filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his convictions. In his response, the warden contends the petition should be denied for numerous reasons, including that Prescott failed to comply with the statute of limitations contained in 28 U.S.C. § 2244(d)(1).

For the reasons stated below, the petition for a writ of habeas corpus is summarily denied as untimely.

## I.

The Court will recount the procedural history in the state and federal courts as it is helpful to understanding whether Prescott's habeas petition was timely filed and, if not, whether any tolling principles are applicable.

Prescott was convicted of the above offenses on January 12, 2015, following a jury trial in the Kalamazoo County Circuit Court.

On May 24, 2016, his conviction was affirmed on direct appeal, but the Michigan Court of Appeals remanded for a sentencing inquiry (a "*Crosby* remand") under *People v. Lockridge*, 870 N.W. 2d 502 (Mich. 2015). *See People v. Prescott*, No. 326739, 2016 WL 3004416 (Mich. Ct. App. May 24, 2016). The Michigan Supreme Court denied Prescott's application for leave to appeal on November 30, 2016, because it was "not persuaded that the question presented should be reviewed by this Court." *People v. Prescott*, 887 N.W.2d 423 (Mich. 2016) (unpublished).

Prescott then filed a motion for relief from judgment pursuant to Michigan Court Rule 6.502 on December 22, 2016. (ECF No. 8-13.) Prescott asked the trial court for an order "to correct the erroneously transcribed rebuttal argument" by the court reporter. (*Id.* at PageID.1120.) Prescott believed the court reporter transcribed only a portion of the prosecution's argument that "defendant wants you to think the victim attempts to sue [the] cab company" (to explain why she would lie about the rape). (*Id.* at PageID.1122; ECF No. 8-17, PageID.1268.) According to Prescott, what the prosecutor actually said in his rebuttal closing remarks was "when Ms. Vanessa Prange was asked if she is suing the Taxi Cab Company, she said 'no.' She lied. She perjured herself. That's only because she called the company and they sent this rapist." (*Id.*) Prescott asked to view a video of the closing arguments and that the court reporter be required to do the same and correct the transcript. (*Id.* at PageID.1124.) Prescott contended that but for the court reporter's error, his appellate counsel would have briefed this perjury argument on appeal and thus, the error adversely affected his ability to secure post-conviction relief. (*Id.* at PageID.1123.)

The trial court denied the motion on February 1, 2017. (ECF No. 8-14.) The court found that Prescott could have raised the issue on direct appeal and failed to demonstrate good cause or actual prejudice for failing to do so. (*Id.* at PageID.1291.) The court also found that the transcripts were correct as reported. (*Id.* at PageID.1292.)

On the same day, the trial judge addressed the *Lockridge* issue that had been remanded by the Michigan Court of Appeals. The court ruled that she would not have imposed a materially different sentence had she not been constrained by the previously mandatory sentencing guidelines. (ECF No. 8-17, PageID.1296.)

Prescott subsequently submitted additional correspondence to the Kalamazoo County Circuit Court. The clerk of court construed it as a second motion for relief from judgment that did not fall within one of the allowed exceptions and thus, on March 7, 2017, returned it without filing under Mich. Ct. R. 6.502(G). (ECF No. 8-17, PageID.1295.)

The Michigan Court of Appeals then denied Prescott's leave to appeal the denial of his post-conviction motion on September 27, 2017. (ECF No. 8-17.) Prescott then filed an application for leave to appeal with the Michigan Supreme Court.

While that application was pending, Prescott filed a *pro se* petition for writ of habeas corpus in this Court under 28 U.S.C. § 2254. *Prescott v. Balcarcel*, No. 18-10131 (E.D. Mich. filed Jan. 10, 2018). He asked this Court to hold his petition in abeyance while he returned to state court to try to exhaust five new claims. (*Id.*, ECF No. 3.)

> The Court denied the request for two primary reasons. First, Prescott did not adequately explain why there was a realistic possibility that the state courts would permit him to file a second motion for relief from judgment. *See Prescott v. Balcarcel*, No. 2:18-CV-10131, 2018 WL 618740, at *1 (E.D. Mich. Jan. 30, 2018).

Second, Prescott's first motion for relief from judgment was still pending before the Michigan Supreme Court. *Id.* at *2. And that motion had been pending since shortly after Prescott had completed his direct appeal in state court. So, "as far as this Court [could] tell, Prescott still ha[d] the entirety of his one year to file his habeas corpus petition." *Id.* Because Prescott was not then facing a statute-of-limitations problem, this Court did not stay and abey his petition. Instead, the Court dismissed Prescott's unexhausted petition without prejudice. *Id.* The Court anticipated that once Prescott exhausted the claims in his petition (or a state court determined that he could no longer exhaust his claims because he had already filed one motion for relief from judgment), he would file a new petition for habeas corpus as a new case. *Id.* The Court, however, also expressly noted thatAEDPA's one-year clock will continue to be tolled while Prescott's request for leave remains pending before the Michigan Supreme Court. But whether that clock will be tolled by a second motion for relief from judgment depends entirely on whether the state trial court accepts the second motion for filing. Michigan Court Rule 6.502(G) is a filing rule, and tolling only occurs for "properly filed" state-court motions for relief from judgment. *See* 28 U.S.C. § 2244(d)(2). Thus, Prescott's second motion will not entitle him to any tolling unless the state court finds that Prescott has established one of the two limited exceptions under 6.502(G)(2) (i.e., new law or new evidence). *See generally Williams v. Birkett*, 670 F.3d 729 (6th Cir. 2012). In other words, there is a good chance that AEDPA's clock will both start and continue to run should the Michigan Supreme Court deny Prescott leave to appeal the denial of his first motion for relief from judgment.

*Prescott*, 2018 WL 618740, at *2 n.1.

On July 3, 2018, the Michigan Supreme Court denied Prescott's application for leave to appeal the denial of his post-conviction motion. *People v. Prescott*, 913 N.W.2d 654 (Mich. 2018). It is unclear whether Prescott then sought to bring another motion for relief from judgment to raise the claims set forth in his initial habeas petition.

Following the Michigan Supreme Court's denial, Prescott did not file a new habeas corpus petition in federal court. Instead, over one year later, on August 27, 2019 (under the prison mailbox rule), he filed an amended habeas corpus petition in the case that the Court had previously dismissed. Amended Petition, *Prescott v. Balcarcel*, No. 18-10131 (E.D. Mich. Aug. 27, 2019). On November 21, 2019, the Court struck the amended petition, noting that the case was closed and that Prescott needed to file a new habeas petition and initiate a new case. *Prescott v. Balcarcel*, No. 18-10131, slip op. at 3 (E.D. Mich. Nov. 21, 2019).

In its ruling, the Court recognized that forcing Prescott to file a new case might give rise to an argument that the petition in that new case is time barred. *Prescott*, slip op. at 2. Because the Michigan Supreme Court denied Prescott leave to appeal his motion for relief from judgment on July 3, 2018, it was likely that Prescott needed to file a petition on or shortly after July 3, 2019. *See id.* But Prescott did not file his amended petition until August 27, 2019. So it was already untimely. Thus, any new petition initiating a new case after November 21, 2019 would likewise be beyond the one-year window. *See id.*

The Court indicated, however, that if Prescott filed a new petition for a writ of habeas corpus, and if the warden sought dismissal because Prescott's amended petition was less than two months late, Prescott should be given an opportunity to fully explain the delay and argue equitable tolling. *Id.*

Prescott finally filed a new habeas petition on January 15, 2020 (under the prison mailbox rule). (ECF No. 1.) That petition resulted in this case. The petition raises the following claims, most of which have not been exhausted:

> I. Was Petitioner denied a right to effective assistance of counsel under the Sixth Amendment where trial counsel moved for the admission of scientific DNA evidence without the statistical analysis calculation associated to the match violative of the Fourteenth Amendment Due Process Clause?

> II. Did the late endorsement of a prosecution witness deny Petitioner a fundamentally fair trial under the Fourteenth Amendment of the US Constitution by the use of hearsay where a reasonable lawyer would had [sic] notice the Sixth Amendment violation?

> III. Was Petitioner denied his Sixth Amendment right to confrontation and effective assistance of counsel where lab report content reflecting multiple semen donors could rebut complainant accusation she contracted a sexually transmitted disease from Petitioner?

> IV. Did the trial court violate Petitioner 14th Amendment right to due process where Judge Pamela Lightvoet held a posture that certified records are irrebuttably [sic] accurate which cause Petitioner video review of trial proceedings to be denied?

(*Id.*)

The warden responded, asking the Court to deny the petition. (ECF No. 7.) As anticipated, one of the warden's arguments is that the habeas petition is untimely. (*Id.* at PageID.89–99.) The Court agrees.

## II.

The Antiterrorism and Effective Death Penalty Act governs petitions for writs of habeas corpus. 28 U.S.C. § 2254(d). AEDPA establishes a one-year

7

limitations period. *See* 28 U.S.C. § 2244(d)(1). This period can start or restart at a few possible points in time. 28 U.S.C. 2244(d). More specifically, the one-year limitation period shall run from the latest of

> (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed if the applicant was prevented from filing by such State action;
>
> (C)  the date on which the constitutional right asserted was originally recognized by the Supreme Court if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).

In any event, no matter when the limitations period starts to run, if it runs out, AEDPA bars relief unless the petitioner lays out a basis for equitable tolling and actual innocence. *Akrawi v. Booker*, 572 F.3d 252, 260 (6th Cir. 2009).

## A.

The Court must first determine when Prescott's conviction became "final," in order to determine when the limitations period began running. *See Williams v. Wilson*, 149 F. App'x 342, 345 (6th Cir. 2005).

8

Although the Michigan appellate courts affirmed Prescott's conviction in 2016, the case was remanded to the circuit court judge for possible re-sentencing pursuant to *People v. Lockridge*. Where state appellate courts affirm a habeas petitioner's conviction but reverse the sentence, the judgment becomes final for purposes of commencing the one-year limitations period when direct review of a challenge to the new sentence is completed or the time for the petitioner to seek direct review has expired. *See Rashad v. Lafler*, 675 F.3d 564, 567–69 (6th Cir. 2012); *see also Wilberger v. Carter*, 35 F. App'x 111, 114 (6th Cir. 2002) (explaining that under § 2244(d)(1)(A), a state-court judgment becomes "final" when direct review by the state court ends or when the time to seek direct review expires, whichever comes later).

Here, the trial judge (on remand) affirmed the original sentence on February 1, 2017. Under Michigan Court Rule 7.205(G)(3), Prescott had six months to file a delayed application for leave to appeal. But Prescott did not seek to appeal the sentence. Thus, the judgment of sentence became final six months later, or August 1, 2017. *Cf. Williams v. Birkett*, 670 F.3d 729, 731 (6th Cir. 2012) (finding that judgment became final for purposes of § 2244(d)(1)(A) "after the one-year time limit for filing a direct appeal in the Michigan Court of Appeals expired"). So, if 28 U.S.C. § 2244(d)(1)(A) is the correct start date for the one-year clock, Prescott had until August 1, 2018, to timely file a petition for writ of habeas corpus with this court, unless the limitations period was tolled.

9

Here, the limitations period was tolled under § 2244(d)(2). Prior to the re-sentencing decision, Prescott had filed a post-conviction motion for relief from judgment with the trial court in December 2016. The limitations period under AEDPA is tolled by the amount of time that "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); *see also McClendon v. Sherman*, 329 F.3d 490, 493–94 (6th Cir. 2003). A post-conviction application remains pending in the state courts, for purposes of § 2244(d)(2), until it "has achieved final resolution through the state's post-conviction procedures." *Carey v. Safford*, 536 U.S. 214, 220 (2002). So AEDPA's one-year statute of limitations remained tolled until the Michigan Supreme Court denied Prescott's application for leave to appeal the denial of his motion for relief from judgment on July 3, 2018. *See Hudson v. Jones*, 35 F. Supp. 2d 986, 988–89 (E.D. Mich. 1999). The limitations period is not tolled, however, during the time a petition for writ of certiorari to the United States Supreme Court is pending or could have been filed from denial of post-conviction relief. *Lawrence v. Florida*, 549 U.S. 327, 332–36 (2007).

In short, due to the combination of the remand and resentencing and the pending post-conviction motion (filed in December 2016 and pending until July 3, 2018), Prescott had until July 3, 2019, to file his petition for writ of habeas corpus under § 2244(d).

Prescott only briefly addresses the statute-of-limitations issue in his petition, but his limited argument points to a different start date under § 2244(d). The essence of Prescott's limited argument is that the state created an impediment to his timely filing his habeas petition. He contends that during his direct appeal, the trial court refused to provide him a copy of the trial transcripts and his appellate counsel did not provide him a copy until after the Michigan Court of Appeals had issued its ruling. (ECF No. 1, PageID.5.) This, says Prescott, obstructed his direct appeal and his ability to file a pro se supplemental appeal brief. (ECF No. 9, PageID.1380–81). This argument does not change the start date under § 2244(d).

As noted above, under § 2244(d)(1), the one-year clock starts from the latest of four dates. Above, the Court found that the proper start date was in July 2018 under § 2244(d)(1)(A). But Prescott's impediment argument implicates § 2244(d)(1)(B). Under that provision, the one-year limitations period starts when an impediment resulting from unlawful state action has prevented a habeas petitioner from timely filing his habeas petition. The petitioner must demonstrate that he "was so inhibited by the state's action that he was unable to file and state a cause of action before the limitation period expired." *Redmond v. Jackson*, 295 F. Supp. 2d 767, 772 (E.D. Mich. 2003) (quotation omitted). "The 'plain language' of § 2244(d)(1)(B) 'makes clear that whatever constitutes an impediment must *prevent* a prisoner from filing his petition.'" *Id.* (*quoting Lloyd v. Van Natta*, 296 F.3d 630, 633 (7th Cir. 2002) (emphasis in original)).

11

No such impediment exists here. First, the reason the trial court denied Prescott's request for the trial transcripts was because he was represented on appeal and the transcripts were provided to his appellate counsel. (ECF No. 1, PageID.41.) It is unclear what Prescott would have argued in a supplemental brief that his lawyer could not have argued in the main brief. Once the Michigan Court of Appeals issued its ruling, Prescott's appellate counsel sent him the trial transcripts on May 27, 2016. (ECF No. 1, PageID.43.) Thus, even if Prescott would have handled his direct appeal differently had he been given the trial transcripts sooner, this alleged state impediment to filing a habeas petition was removed by June 2016. Prescott fails to explain how the delay in receiving his trial transcripts during his appeal of right in 2016 impeded his ability to timely file a habeas petition in 2019. *See Miller v. Cason*, 49 F. App'x 495, 497 (6th Cir. 2002) (alleged actions of state in failing to give petitioner notice of his appeal rights at sentencing, not timely appointing counsel to perfect a belated appeal, delaying the preparation of the trial transcripts, and not granting him due process during his direct appeal, did not prevent petitioner from filing his federal habeas corpus petition, and therefore did not toll limitations period).

Prescott might also be arguing that his December 2016 motion for relief from judgment was not truly a motion for relief from judgment, that he filed an actual motion for relief from judgment in March 2017, and the clerk for the state trial court was wrong to reject the March 2017 motion as a second motion for relief from judgment. (*See* ECF No. 9, PageID.1379–1381; ECF No. 8-18,

PageID.1359 (letter rejecting motion as second motion for relief from judgment).)
Although it is not clear, apparently Prescott believes that the March 2017
motion should have been accepted by the state court clerk and, if it had, the
statute of limitations would have been tolled under § 2244(d)(2) starting from
March 2017 and until he completed the appeal process.

If this is Prescott's argument, it too does not persuade. For one, Prescott
cites no law that permits a federal court to second guess a state court's decision
to not accept a state court motion for filing. But even if this Court had legal
authority to find that the March 2017 motion should have been accepted, this
Court has no factual basis to do so. The alleged March 2017 filing has not been
made part of the record before this Court. Lastly, whether the state court erred
or not, and whether Prescott should have received additional tolling or not,
Prescott knew in March 2017 that he was not receiving additional tolling. And
he provides no explanation for why this prevented him from filing a timely
habeas petition.

* * *

In sum, under § 2244(d), AEDPA's one-year statute of limitations began to
run on July 3, 2018, when the Michigan Supreme Court denied Prescott's post-
conviction appeal. So Prescott had until July 3, 2019, to file his current habeas
corpus petition. But Prescott's current habeas petition was filed on January 15,
2020. In fact, Prescott (improperly) filed his amended habeas corpus petition in
the original habeas corpus case (No. 18-10131) on August 27, 2019; so even if the

13

Court gave Prescott the benefit of that date, his petition would still be beyond the July 3, 2019 deadline.

But, as noted, the limitations period can be equitably tolled and a petitioner can also demonstrate actual innocence to get around the limitations bar. So to determine whether Prescott's claims are timely, the Court must address equitable tolling and actual innocence.

**B.**

"AEDPA's limitations period is subject to equitable tolling, . . . a doctrine that allows courts to toll a statute of limitations when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011) (internal quotation marks and citations omitted). To be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks and citation omitted). Equitable tolling should be applied "sparingly." *Solomon v. United States*, 467 F.3d 928, 933 (6th Cir. 2006). The burden is on the petitioner to show that he is entitled to equitable tolling. *See Robertson v. Simpson*, 624 F. 3d 781, 784 (6th Cir. 2010). Prescott has failed to do so.

In *Lawrence v. Florida*, the Supreme Court clearly held that the tolling provisions of § 2244(d)(2) for post-conviction and collateral proceedings do not

toll the one-year limitations period during the pendency of a certiorari petition before the Court. 549 U.S. 327 (2007); *see also Parsons v. Turner*, No. 12-CV-02300, 2014 WL 197781, at *4 (N.D. Ohio Jan. 14, 2014) (applying *Lawrence* and finding AEDPA's statute of limitations resumed running one day after the Ohio Supreme Court dismissed the appeal from a state collateral proceeding). Thus, even assuming Prescott mistakenly believed he had the benefit of 90-additional days for seeking review by the Supreme Court, ignorance of the law does not justify equitable tolling. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004); *see also Lane v. Green*, No. 19-6351, 2020 U.S. App. LEXIS 17392, at *6 (6th Cir. June 2, 2020) (order) (denying certificate of appealability where habeas petition was filed four months late because equitable tolling did not apply where counsel erroneously advised petitioner that statute of limitations was tolled while he pursued a petition for certiorari following denial of post-conviction relief).

The Court does not see any, and Prescott has not provided any basis for equitable tolling. His initial habeas petition was pending for only a matter of weeks before the Court dismissed it. And the Court dismissed it because Prescott still had the entirety of his one-year limitations period remaining. Indeed, the Court dismissed his petition in January 2018 and the one-year clock did not start until July 2018. Yet he waited more than one year following the denial of his post-conviction appeal by the Michigan Supreme Court in July 2018 to file his current habeas petition. And he provides no explanation for this delay, let alone one that warrants equitable tolling. *See Palmer*, 276 F. 3d at 781–82;

15

*Godbolt v. Russell*, 82 F. App'x. 447, 452 (6th Cir. 2003). In other words, Prescott, has failed to show a diligent pursuit of his rights and an extraordinary circumstance preventing the timely filing of his habeas corpus petition after the Michigan Supreme Court denied review of his post-conviction motion.

Accordingly, equitable tolling does not render Prescott's petition in this case timely.

### C.

There is one last avenue to explore. "[A]ctual innocence, if proved, serves as a gateway through which habeas petitioners may pass when the impediment to consideration of the merits of their constitutional claims is expiration of the statute of limitations." *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013). But a "tenable actual-innocence gateway pleas are rare[.]" *Id.* (citing *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). A petitioner must show that "in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" *House v. Bell*, 547 U.S. 518, 537 (2006) (quoting *Schlup*, 513 U.S. at 329).

Prescott's newly discovered evidence does not establish that he was actually innocent of the crime charged. *See Ross v. Berghuis*, 417 F. 3d 552, 556 (6th Cir. 2005). Prescott presents, for the first time in his reply brief, evidence that the victim in this case was criminally charged with filing a false report of sexual assault in another case after Prescott's conviction. (ECF No. 9, PageID.1416–1423.) That the victim may have lied about another sexual assault

16

does not establish she lied about this one as well. Indeed, this type of impeachment evidence rarely supports a claim of actual innocence. *See Calderon v. Thompson*, 523 U.S. 538, 563 (1998) (newly discovered impeachment evidence, which is "a step removed from evidence pertaining to the crime itself," "provides no basis for finding" actual innocence); *Sawyer v. Whitley*, 505 U.S. 333, 349 (1992) (newly discovered impeachment evidence "will seldom, if ever," establish actual innocence). This evidence, therefore, is insufficient to establish actual innocence to toll the limitations period. *See Sherratt v. Friel*, 275 F. App'x 763, 768 (10th Cir. 2008) (reiterating that new evidence must "affirmatively demonstrate[] [petitioner's] innocence," not simply "undermine the finding of guilt against him.").

### III.

Having failed to demonstrate equitable tolling or actual innocence, Prescott's habeas petition, filed more than one year after the Michigan Supreme Court denied his application for leave to appeal the denial of his motion for post-conviction relief, is untimely. Thus, the petition is DENIED.

The Court further finds that reasonable jurists would not debate the correctness of the statute of limitations ruling and thus, a certificate of appealability is also DENIED. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000). However, if Prescott chooses to appeal the Court's decision, he may proceed in forma pauperis on appeal because an appeal could be taken in good faith. 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated: June 14, 2021

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE