UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HEZEKIAH PRESCOTT,

     Petitioner,

v.

WILLIS CHAPMAN, *Warden*,

     Respondent.

Case No. 20-10129
Honorable Laurie J. Michelson

_____

## OPINION AND ORDER DENYING PETITIONER'S MOTION FOR RELIEF FROM JUDGMENT [20]

_____

In 2015, Robert Prescott was convicted and sentenced in state court. He later turned to federal court, seeking a writ of habeas of corpus. In 2021, this Court dismissed Prescott's petition because it was not filed within the Antiterrorism and Effective Death Penalty Act's one-year limitations period.

Prescott believes that the state-court clerk impeded his ability to file a timely habeas corpus petition and thus asks the Court to set aside its judgment dismissing this case. Under AEDPA, the one-year limitation period for filing an application for a writ of habeas corpus can start on "the date on which the impediment to filing [the] application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). According to Prescott, using this start date makes his petition timely.

As will be explained, there was no state-created impediment under § 2244(d)(1)(B) that violated the Constitution or laws of the United States or that prevented Prescott from filing a writ of habeas corpus in this Court. So Prescott's motion under Federal Rule of Civil Procedure 60(b) will be denied.

## I.

The relevant procedural history is not brief: Prescott has challenged his convictions on multiple fronts for the past seven years. He again raises an issue about a rejected post-conviction motion in state court and its effect on AEDPA's limitations period. Because it is somewhat involved, the Court will set out the procedural history in some detail.

## A.

In 2015, Prescott was convicted and sentenced in a Michigan state court (PageID.1050, 1090)[1], and by November 30, 2016, his direct appeal was complete, *People v. Prescott*, 887 N.W.2d 423 (Mich. 2016).

In December 2016, Prescott returned to the state trial court via a post-conviction motion. (PageID.1119.) Although the motion was titled, "Motion for Relief From Judgement MCR 6.502," the "relief sought" was for the court reporter to "review video [of closing arguments] and correct the error of omitting the perjured statements corrected by [the] Prosecutor . . . that [the court reporter] failed to include at page 52 of Trial Transcript Volume IV." (PageID.1119, 1124.) Prescott additionally sought an "evidentiary hearing" where he would have the opportunity

---

[1] Unless indicated otherwise, all record citations are to the Rule 5 materials found at ECF No. 8.

to review the video of the closing argument. (PageID.1124.) In February 2017, the state trial court denied the motion. (PageID.1126.) And in September 2017, the Michigan Court of Appeals denied leave to appeal. (PageID.1256.) On July 3, 2018, the Michigan Supreme Court also denied leave to appeal. *People v. Prescott*, 913 N.W.2d 654 (Mich. 2018). Thus, between December 2016 and July 3, 2018, there was a post-conviction motion pending, although Prescott asserts that it was not a motion for relief from judgment. As will be explained, if this was in fact a motion for relief from judgment, the AEDPA's one-year limitations period would have been tolled during this time.

Between December 2016 and July 3, 2018, Prescott tried to contest his conviction two other ways.

First, in late February or early March 2017 (just weeks after the trial court denied the December 2016 motion), Prescott tried to file another post-conviction motion with the state trial court. (*See* PageID.1359.) At different times, Prescott has described this March 2017 motion differently; he has referred to it as a motion for relief from judgment and a motion for reconsideration. *Compare* (ECF No. 16, PageID.1475, 1478), *with* Petition at 4, *Prescott v. Balcarcel*, Case No. 18-10131 (E.D. Mich. filed Jan. 10, 2018). Either way, the clerk declined to accept the March 2017 motion for filing. (*See* PageID.1359.) With limited exceptions, Michigan Court Rule 6.502(G) states, "one and only one motion for relief from judgment may be filed with regard to a conviction." So in a March 2017 letter, the state court clerk stated, "Since you have already filed a Motion for Relief from Judgment in this case, and

3

since the conditions for an exception under MCR 6.502(G)(2) are not present, we are returning your motion without filing." (PageID.1359.) As will be discussed more later, Prescott believes this was error; in his view, the December 2016 motion was not a motion for relief from judgment, and so the March 2017 motion was not a successive motion for relief from judgment.

The second way Prescott tried to contest his conviction while simultaneously pursuing state appellate relief on the December 2016 transcript motion was by filing a federal petition for a writ of habeas corpus. *See Prescott v. Balcarcel*, Case No. 18-10131 (E.D. Mich. filed Jan. 10, 2018).

In his January 2018 habeas corpus petition, Prescott referenced both the December 2016 and the March 2017 motions. He stated, "On December 22, 2016, Petitioner filed a motion for relief from judgement pursuant to MCR 6.502 to have [a] missing portion rebuttal transcript address and corrected but was denied . . . on Feb 01, 2017." Petition at 3, *Prescott v. Balcarcel*, Case No. 18-10131 (E.D. Mich. filed Jan. 10, 2018). He further stated, "Petitioner motion[ed] for reconsideration under MCR 6.504(B)(3), but the 9th Circuit Court clerk interpreted the matter as a successive collateral attack on conviction and restricted review to exceptions of MCR 6.502(G)(2)." *Id.* at 4. Although apparently describing the March 2017 motion as a motion for reconsideration, Prescott's habeas corpus petition did suggest that a motion to correct a trial transcript should not have been treated as a motion for relief from judgment. *Id.* at 5.

4

The January 2018 habeas corpus petition included claims that Prescott had not exhausted in the state court system. So he asked this Court to hold the petition in abeyance while he exhausted those claims. *See* Petition at 5, 8, *Prescott v. Balcarcel*, Case No. 18-10131 (E.D. Mich. filed Jan. 10, 2018).

This Court declined to do so. The stay-and-abeyance procedure was designed to prevent the following scenario: a federal court dismisses the petitioner's unexhausted habeas petition; but because so little time remains on AEDPA's one-year limitations period, a second petition with properly exhausted claims would likely be time-barred, even when factoring in statutory tolling. *See Prescott v. Balcarcel*, No. 2:18-CV-10131, 2018 WL 618740, at *1 (E.D. Mich. Jan. 30, 2018) (explaining scenario). But, in this Court's opinion, Prescott did not face that scenario. *Id.* at *2. This Court explained that on direct appeal, the Michigan Supreme Court denied leave on November 30, 2016, and, thus, the one-year clock would have started 90 days after that, in early March 2017. *Id.* And operating under the impression that Prescott had filed a motion for relief from judgment in December 2016 (the transcript motion), the Court believed that the one-year clock had been tolled by the filing of that motion. *Id.* And the Michigan Supreme Court had not yet decided whether to grant Prescott leave to appeal the denial of the December motion. *See id.* So "as far as this Court [could] tell, Prescott still ha[d] the entirety of his one year to file his habeas corpus petition." *Id.* Thus, the Court concluded that a stay was unnecessary and dismissed the petition without prejudice to refiling. *Id.*

Based on the state court ruling that the December 2016 motion was a motion for relief from judgment, this Court further thought that Prescott would need to file a second motion for relief from judgment to exhaust the claims in the January 2018 petition. So, in a footnote, the Court explained, "AEDPA's one-year clock will continue to be tolled while Prescott's request for leave [to appeal the denial of the December 2016 motion] remains pending before the Michigan Supreme Court. But whether that clock will be tolled by a second motion for relief from judgment depends entirely on whether the state trial court accepts the second motion for filing." *Prescott*, 2018 WL 618740, at *2 n.1. "Michigan Court Rule 6.502(G) is a filing rule," the Court noted, "and tolling only occurs for 'properly filed' state-court motions for relief from judgment." *Id.* (quoting 28 U.S.C. § 2244(d)(2)). "Thus," the Court continued, "Prescott's second motion will not entitle him to any tolling unless the state court finds that Prescott has established one of the two limited exceptions under 6.502(G)(2) (i.e., new law or new evidence)." *Id.* "In other words," the Court explained, "*there is a good chance that AEDPA's clock will both start and continue to run should the Michigan Supreme Court deny Prescott leave to appeal the denial of his first motion for relief from judgment.*" *Id.* (emphasis added).

A recap of the procedural history to this point is in order.

- December 2016: Prescott filed what was titled a motion for relief from judgment that sought correction of the transcript of closing argument.

- February 2017: The state trial court denied the December 2016 transcript motion, and Prescott then sought leave to appeal the denial.

- March 2017: While pursuing leave to appeal the transcript motion, Prescott filed another post-conviction motion (which he originally described as a motion for reconsideration but later described as a motion for relief from

judgment); the state trial court declined to accept that motion for filing because, in its view, the December 2016 motion was his "one and only one motion for relief from judgment."

- January 2018: While Prescott was still trying to appeal the denial of the transcript motion, he filed a petition for a writ of habeas corpus with this Court; that petition was dismissed without prejudice to being refiled once the claims presented in the petition were exhausted.

- July 3, 2018: The Michigan Supreme Court denied Prescott leave to appeal the denial of the December 2016 transcript motion, *People v. Prescott*, 913 N.W.2d 654 (Mich. 2018).

At this point, it appears that Prescott took a break from challenging his conviction.

## B.

Prescott resumed his challenge over a year later. In August 2019, he filed an amended petition for a writ of habeas corpus in the case that this Court had dismissed in January 2018. *See* Amended Petition, *Prescott v. Balcarcel*, No. 18-10131 (E.D. Mich. Aug. 27, 2019). As that case had long been closed, the Court struck the amended petition. The Court noted that Prescott instead needed to file a new habeas petition and initiate a new case. *See Prescott v. Balcarcel*, No. 18-10131, slip op. at 3 (E.D. Mich. Nov. 21, 2019). In striking the amended petition, the Court "recognize[d] that forcing Prescott to file a new case might give rise to an argument that the petition in that new case is time barred. It appears that the Michigan Supreme Court denied Prescott leave to appeal his motion for relief from judgment on July 3, 2018. At the latest then, Prescott needed to file a petition on or shortly after July 3, 2019." *Id.* at 2. "But," this Court noted, "Prescott did not file his amended petition until August 30, 2019." *Id.* at 2. Anticipating that the Warden may seek to dismiss Prescott's new habeas case as barred by AEDPA's one-year

7

limitations period, the Court noted, "if the Warden seeks to dismiss [the new] case because Prescott's amended petition was less than two months late, Prescott should be given an opportunity to fully explain the delay and argue equitable tolling." *Id.* at 2. The Court provided that Prescott should identify the new case as a companion to the case dismissed in January 2018, which would "likely result in Prescott's petition being reassigned to the undersigned." *Id.*

## C.

Prescott did eventually file a new petition for a writ of habeas corpus—but not until January 2020. That petition resulted in this case, which was indeed reassigned to the undersigned in March 2021.

In June 2021, the Court dismissed this case because the petition was filed after AEDPA's one-year limitations period had expired. *See generally Prescott v. Chapman*, No. 20-CV-10129, 2021 WL 2413332, at *6 (E.D. Mich. June 14, 2021). The Court found that the one-year clock started on July 3, 2018, when the Michigan Supreme Court denied leave to appeal the denial of the December 2016 motion. *Id.* That meant that Prescott had until July 3, 2019, to file his petition for a writ of habeas corpus. *Id.* But even the amended petition in the closed case was not filed until August 27, 2019. *Id.* And the petition initiating this case was filed still months later. *Id.*

In finding Prescott's petition to be untimely, the Court noted, "Prescott might also be arguing that his December 2016 motion for relief from judgment was not truly a motion for relief from judgment, that he filed an actual motion for relief from

judgment in March 2017, and the clerk for the state trial court was wrong to reject the March 2017 motion as a second motion for relief from judgment." *Prescott*, 2021 WL 2413332, at *6. The Court continued, "[A]pparently Prescott believes that the March 2017 motion should have been accepted by the state court clerk and, if it had, the statute of limitations would have been tolled under § 2244(d)(2) starting from March 2017 and until he completed the appeal process." *Id.* The Court was not persuaded by this argument for a few reasons, including that "[t]he alleged March 2017 filing has not been made part of the record before this Court." *Id.* Further, "whether the state court erred or not, and whether Prescott should have received additional tolling or not, Prescott knew in March 2017 that he was not receiving additional tolling. And he provides no explanation for why this prevented him from filing a timely habeas petition." *Id.* So in June 2021, the Court dismissed this case.

Prescott asked the Sixth Circuit Court of Appeals to take his appeal, but the Court denied a certificate of appealability. In doing so, it stated in part, "Because the Michigan Supreme Court denied his application for leave to appeal the denial of [the December 2016] motion on July 3, 2018, Prescott had until July 3, 2019, to file his § 2254 petition. But Prescott did not file his stricken amended petition, let alone the new petition that the district court accepted, until after that date." *Prescott v. Stephenson*, No. 21-2738 slip. op. at 4 (6th Cir. Feb. 15, 2022), *available at* ECF No. 18.

**D.**

That almost bring things up to date, but there is bit more procedural history that is relevant to the pending motion.

Effective May 1, 2021, the Michigan Supreme Court amended the court rule relating to successive motions for relief from judgment. (More on this later.) And while the record is not clear, perhaps because of the amendment, the state court clerk finally did accept a motion for relief from judgment from Prescott in August 2021. (*See* ECF No. 20, PageID.1575, 1579.) Prescott indicates that this was the same motion or a similar motion as the one he tried to file in March 2017 but was rejected as successive. (*See* ECF No. 20, PageID.1538.)

In December 2021, the state trial court denied the August 2021 motion for relief from judgment, addressing some claims on the merits. *People v. Prescott*, No. 2014-0053-FC (Mich. 9th Cir. Dec. 10, 2021), *available at* (ECF No. 20, PageID.1578–1585). It appears that Prescott is currently seeking leave to appeal the denial of the August 2021 motion from the Michigan appellate courts.

**E.**

In May 2022, Prescott filed a motion to set aside the judgment in this case. (ECF No. 20.) It is that motion that is the subject of this opinion.

**II.**

Prescott's motion seeks relief pursuant to two provisions of Federal Rule of Civil Procedure 60(b). In particular, he seeks relief from the judgment for "mistake, inadvertence, surprise, or excusable neglect" and for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1), (6). Under Rule 60(b)(1), relief may be granted where

10

"(1) when a party has made an excusable mistake or an attorney has acted without authority, or (2) when the judge has made a substantive mistake of law or fact in the final judgment or order." *United States v. Reyes*, 307 F.3d 451, 455 (6th Cir. 2002).

## III.

### A.

In the main, Prescott says he is entitled to relief because his December 2016 motion seeking a correction of the transcript was not a motion for relief from judgment. (ECF No. 20, PageID.1538.) Thus, according to Prescott, when he filed his March 2017 motion, the clerk erred by not accepting it for filing. (*Id.*) In addition to a provision on tolling the one-year clock, 28 U.S.C. § 2244(d)(1) provides that the one-year clock does not even start until the latest of four dates. One of the four is "the date on which the impediment to filing an application [for a writ of habeas corpus] created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action." 28 U.S.C. § 2244(d)(1)(B). In Prescott's view, the state court clerk's rejection of his March 2017 motion as successive (or, perhaps, the version of the Michigan Court Rule on successive motions for relief from judgment in effect at that time) was an "impediment" to filing his habeas corpus petition. (*See* ECF No. 20, PageID.1538, 1542.) So, says Prescott, his one-year clock did not start until that impediment was removed.

11

And in Prescott's view, the impediment was not removed until May 1, 2021. (*See* ECF No. 20, PageID.1541, 1542.) Effective May 1, 2021, the Michigan Supreme Court amended the Michigan Court Rule on motions for relief from judgment. Paragraph (D) of Rule 6.502 now states, "When a pro se defendant files his or her first motion effectively seeking to set aside or modify the judgment but styles the motion as something other than a motion for relief from judgment, the court shall promptly notify the defendant of its intention to recharacterize the pleading as a motion for relief from judgment; inform the defendant of any effects this might have on subsequent motions for relief, see MCR 6.502(B), (G); and provide the defendant 90 days to withdraw or amend his or her motion before the court recharacterizes the motion." *See* Order, Amendment of Rule 6.502 of the Michigan Court Rules (Mich. Mar. 24, 2021), https://perma.cc/7954-M94L. The amended rule continues, "If the court fails to provide this notice and opportunity for withdrawal or amendment, or the defendant establishes that notice was not actually received, the defendant's motion cannot be considered a motion for relief from judgment for purposes of MCR 6.502(B), (G)." *Id.* Apparently, Prescott believes that the state court clerk should have provided this (or similar) notice to him when he filed his December 2016 motion seeking correction of the transcript. Thus, in Prescott's opinion, the state-created impediment was not lifted until May 1, 2021, when the Michigan Supreme Court's amendment took effect. (ECF No. 20, PageID.1541, 1542.) If this argument is correct, Prescott's petition, filed in January 2020, would be timely.

But Prescott's argument fails for at least two reasons: (1) Prescott has not shown that the clerk's rejection of the March 2017 motion was an "impediment to filing an application [for a writ of habeas corpus] created by State action in violation of the Constitution or laws of the United States," *see* 28 U.S.C. § 2244(d)(1)(B); (2) Prescott has not shown how he was "prevented from filing [an application for a writ of habeas corpus] by such State action," *see id.*

Consider "impediment" first. Even assuming that the state court clerk's rejection of Prescott's March 2017 motion was an "impediment" to filing his federal petition, § 2244(d)(1)(B) does not contemplate any old impediment; instead, there must be an impediment to filing "created by State action in violation of the *Constitution or laws of the United States.*" Here, Prescott may well be correct that the clerk erroneously applied the successive-motion bar found in Michigan Court Rule 6.502(G). But even if that is true, it is not obvious how the clerk's enforcement of that state rule of procedure violated "the Constitution or laws of the United States." And Prescott does not explain how it did.

Next consider "prevented . . . by." Section 2244(d)(1)(B) only starts the one-year clock "if the applicant was *prevented* from filing [a federal petition] *by* such State action." (Emphasis added.) As this language suggests, there must be "a causal relationship between the unconstitutional state action and being prevented from filing the petition." *Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003) (quoting *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001)); *see also Colwell v. Tanner*, 79 F. App'x 89, 93 (6th Cir. 2003) (noting that for § 2244(d)(1)(B)

13

to apply, the state-created impediment "must cause the untimely filing of the petition").

The causal connection is missing here. True, the clerk's rejection of the March 2017 motion hindered Prescott's ability to exhaust his claims; and, true, exhaustion is a prerequisite to habeas corpus relief. But Prescott's inability to exhaust his claims is not what led to the dismissal of his January 2018 petition. This Court often holds unexhausted petitions in abeyance instead of dismissing them. But when Prescott filed his January 2018 petition, he was still seeking leave to appeal the denial of the December 2016 motion. And, as explained, the Court thought that the December 2016 motion was a motion for relief from judgment. *See Prescott v. Balcarcel*, No. 2:18-CV-10131, 2018 WL 618740, at *2 (E.D. Mich. Jan. 30, 2018). So the Court dismissed the January 2018 petition not only because the claims were unexhausted, but also because it believed that no time had run off the one-year clock. *Id.* Had the state court clerk accepted the March 2017 motion, in all likelihood, this Court would still have concluded that no time had run off the one-year clock and still have dismissed Prescott's January 2018 petition. Thus, the state court clerk's rejection of the March 2017 motion did not cause the January 2018 petition to be unadjudicated.

What about the January 2020 petition, the one that initiated this case? If the January 2020 petition was dismissed because the claims were not exhausted, perhaps Prescott could claim that the state court's failure to accept the March 2017 motion was an impediment to seeking habeas corpus relief. But the January 2020

petition was not dismissed on non-exhaustion grounds; it was dismissed because it was too late.

And there appears to be little (if any) causal connection between the state court's rejection of the March 2017 motion and the tardy filing of Prescott's January 2020 petition. As this Court explained in its prior opinion, after the Michigan Supreme Court denied Prescott leave to appeal the denial of the transcript motion on July 3, 2018, Prescott had a year to file his habeas corpus petition. Yet he waited more than a year, returning to federal court in August 2019 (by filing an amended petition in a closed case). Prescott did not file the petition initiating this case until still later, in January 2020. Prescott does not explain how the clerk's rejection of his March 2017 motion caused him to do nothing between July 3, 2018 and August 2019 (let alone January 2020). Prescott cannot even argue that during that period he was attempting to exhaust his claims: there appears to be no activity in the state courts between July 3, 2018 and August 2019. (ECF No. 20, PageID.1575; ECF No. 16, PageID.1480.) In short, what caused the January 2020 petition to be dismissed was not the state court clerk's failure to accept the March 2017 motion for relief from judgment; it was that after July 3, 2018, Prescott had a full year to file his petition but simply did not do so.

And, arguably at least, the causal connection has not been established for a second reason: the March 2017 filing might not have even been a motion for relief from judgment. In his 2018 habeas corpus petition, Prescott, referring to the December 2016 transcript motion, stated that he "filed a motion for relief from

judgement pursuant to MCR 6.502." Petition at 3, *Prescott v. Balcarcel*, Case No. 18-10131 (E.D. Mich. filed Jan. 10, 2018). He then stated that he filed a "motion for *reconsideration* under MCR 6.504(B)(3), but the 9th Circuit Court clerk interpreted the matter as a successive collateral attack on conviction and restricted review to exceptions of MCR 6.502(G)(2)." *Id.* at 4 (emphasis added). In other words, back in 2018, Prescott seemed to characterize the December 2016 motion as a motion for relief from judgment and the March 2017 motion as a motion for reconsideration of the denial of the December 2016 motion. This is consistent with statements Prescott made in his applications for leave to appeal the denial of the transcript motion. (See ECF No. 8, PageID.1276, 1388.) If Prescott's March 2017 motion merely sought reconsideration of the denial of the transcript motion, then the state court's rejection of the March 2017 motion did not even affect Prescott's ability to exhaust his claims, and, thus, did not "prevent[]" Prescott from filing a habeas corpus petition, *see* 28 U.S.C. § 2244(d)(1)(B).

In all, the Court finds that the state court clerk's rejection of Prescott's March 2017 motion does not make § 2244(d)(1)(B) applicable. Thus, even assuming that the 2021 amendment to Michigan Court Rule 6.502 is what led the state court to finally accept a motion for relief from judgment from Prescott, the one-year clock did not start when that amendment took effect. That amendment did not "remove" an "impediment" "in violation of the Constitution or laws of the United States" that "prevented" Prescott from filing a petition for habeas corpus. *See* 28 U.S.C. § 2244(d)(1)(B).

Prescott resists the above analysis with *Critchley v. Thaler*, 586 F.3d 318 (5th Cir. 2009).

Here are the relevant facts of that case. In July 2003, Phillip Critchley mailed a state habeas corpus petition; at the time, Critchley had 68 days left on his one-year clock to file a federal habeas corpus petition. 586 F.3d at 320. In what appears to have been a not-uncommon occurrence, the state court clerk did not file Critchley's petition. *Id.* at 319. About seven months later, in February 2004, Critchley tried again, with the same result. *Id.* In fact, in July 2004, Critchley received a letter from the state court informing him that neither petition was on file. *Id.* About five months later, in December 2004, Critchley made his third attempt to file a state petition; this time the petition was docketed—but not until April 2005. *Id.* In March 2006, Critchley filed his federal petition. *Id.* at 318.

The Fifth Circuit Court of Appeals held that Critchley's federal petition was not too late. In particular, the court found that Critchley's first attempt to file a state petition came when there were still 68 days left on AEDPA's one-year clock, and the "state court's failure to process that application and others filed by Critchley, coupled with its apparent failure to process petitions filed by other prisoners constitutes a state-created impediment under § 2244(d)(1)(B)." 586 F.3d at 320. And, said the Fifth Circuit, that impediment was not removed until the state court finally accepted Critchley's third petition in April 2005. *Id.* And once Critchley's petition was accepted, it was "pending," so he was entitled to tolling under § 2244(d)(2). After Critchley received a decision on the state petition, he then

filed his federal petition within 68 days. So, concluded the Fifth Circuit, his federal petition was timely. *Id.*

In reaching that conclusion, the Fifth Circuit rejected the district court's determination that Critchley was not diligent. *Critchley*, 586 F.3d at 321. The district court pointed out that after being informed in July 2004 that his first two state petitions had not been filed, Critchley waited until December 2004 to try again. *Id.* But in the Fifth Circuit's view, none of that would have been necessary had the state court simply done what it should have from the get go: "If Critchley's initial July 2003 [state] petition had not been ignored by [the state court], that timely petition would have tolled the federal limitations period and further diligence by Critchley would not have been necessary." *Id.*

The Fifth Circuit also rejected the warden's argument that Critchley could have filed a so-called "protective" federal habeas corpus petition, i.e., he could have filed a petition with unexhausted claims before the one-year clock expired and asked the federal court to hold that petition in abeyance while he exhausted the claims in state court. *See Critchley*, 586 F.3d at 321. But when Critchley filed his first state petition, there were still 68 days left on the one-year clock and, if accepted, that petition would have tolled the limitations period. And it was not until months later that Critchley learned that it had not been accepted. So the Fifth Circuit reasoned that Critchley could not have known to file a protective petition until it was too late to do so. *See id.*

18

Although there are superficial similarities between this case and *Critchley*, the Court ultimately finds *Critchley* unpersuasive. In that case, there was a much tighter causal connection between the state court's actions and the untimely federal petition than in this case. *See Winkfield v. Bagley*, 66 F. App'x 578, 583 (6th Cir. 2003) ("Section 2244(d)(1)(B) requires a causal relationship between the unconstitutional state action and being prevented from filing the petition." (quoting *Dunker v. Bissonnette*, 154 F. Supp. 2d 95, 105 (D. Mass. 2001))).

Consider *Critchley* first. There, Critchley had filed his state petition with 68 days left on his one-year clock; had things gone as they should have, that petition would have been accepted, and the one-year clock would have been tolled until the state petition was decided, leaving Critchley with 68 days left on his clock to file a federal petition. And, significantly, when Critchley's state petition was finally accepted, Critchley in fact "filed his federal habeas petition within 68 days after the state court decision." 586 F.3d at 321. In other words, the record in *Critchley* suggests that had the state court done what it was supposed to do (docketed Critchley's first state petition), Critchley would have done what he was supposed to do (filed his federal petition in the remaining 68 days). Thus, a strong argument could be made that but-for the state's wrongful action, the federal petition would have been timely.

Now contrast this case. Prescott did not make multiple attempts to file his motion for relief from judgment. And he knew the clerk did not accept his March 2017 filing as it was sent back to him. Nor did any state appellate court ever rule

that the clerk's rejection of the filing was erroneous. Also, had the state court clerk accepted Prescott's March 2017 motion for filing, Prescott would have received tolling until that motion was decided and any appeals of the decision were complete. At that point, Prescott would have had about a year to file his federal habeas corpus petition. But little suggests that Prescott would have done so. A few months before the March 2017 motion, Prescott had filed his state post-conviction motion about the transcript and all potential appeals of that motion were completed by July 3, 2018. Yet Prescott did not return to federal court within a year of exhausting the transcript motion. So it is questionable that Prescott would have returned to federal court within a year of exhausting the March 2017 motion (had it been accepted). In other words, unlike the record in *Critchley*, the record here does not suggest that if the state court had accepted Prescott's March 2017 motion, Prescott would have filed his federal petition on time. So the state court's failure to accept Prescott's March 2017 motion was much less a cause of Prescott's federal petition being untimely than the state court's failure to accept Critchley's petitions was a cause of Critchley's federal petition being untimely.

* * *

In short, the Court finds that 28 U.S.C. § 2244(d)(1)(B) does not provide the start date for the one-year clock in Prescott's case. Accordingly, the Court adheres to its prior determination that "Prescott had until July 3, 2019, to file his current habeas corpus petition." *Prescott v. Chapman*, No. 20-CV-10129, 2021 WL 2413332, at *6 (E.D. Mich. June 14, 2021).

**B.**

Prescott also raises equitable tolling. "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotation marks omitted).

For reasons already given, Prescott has not shown that he has "pursu[ed] his rights diligently." Prescott, recounting some of the procedural history in this case, argues that he has been diligent in presenting his claims to the state and federal courts. (ECF No. 20, PageID.1547; *see also* ECF No. 16, PageID.1478–1480 (arguing that there has been a filing in court "every year" since conviction)). But, again, Prescott knew in March 2017 that his motion for relief from judgment had not been accepted by the state trial court, and yet he made no further attempt to challenge this action in state court or to exhaust his claims in 2017, 2018, or 2019. And he did not return to federal court until, at earliest, August 2019, more than a year after the Michigan Supreme Court denied leave to appeal the denial of the transcript motion. Accordingly, the Court cannot find that Prescott's pursuit of habeas corpus relief was diligent.

**C.**

Prescott makes one other effort at setting aside the judgment. According to Prescott, he mailed or filed a motion for relief from judgment in August 2021 but the state court docket did not reflect that he had filed a motion until much later, perhaps in December 2021. (*See* ECF No. 20, PageID.1537; *compare* ECF No. 20,

PageID.1561, *with* ECF No. 20, PageID.1576.) In Prescott's view this mattered, because, in the interim, this Court denied Prescott a certificate of appealability. Had his August 2021 motion been docketed when he sent it, he could have made this Court aware that he had a pending motion for relief from judgment before this Court denied the certificate. Presumably, Prescott believes that would have made it more likely that this Court or the Sixth Circuit would have granted him a certificate of appealability. Prescott also asserts that the absence of his August 2021 motion from the state court docket hindered his ability to show that he was actively exhausting his claims. (*See* ECF No. 20, PageID.1537, 1543.) Prescott asserts that the same clerk who denied his March 2017 motion was responsible for the August 2021 motion not appearing on the docket. (*See id.*)

This argument does not go very far. To start, this Court first denied Prescott a certificate of appealability when it dismissed this case in June 2021. *Prescott v. Chapman*, No. 20-CV-10129, 2021 WL 2413332, at *7 (E.D. Mich. June 14, 2021) ("The Court further finds that reasonable jurists would not debate the correctness of the statute of limitations ruling and thus, a certificate of appealability is also DENIED."). And, obviously, Prescott had not sent his August motion before June. Second, it is unclear how having a pending motion for relief from judgment would have changed anything; the pending motion does not change the fact that the one-year clock expired on July 3, 2019. Perhaps Prescott believes that a pending motion for relief from judgment would have supported his claim that a state-created impediment had been removed. But, as explained above, the issue with Prescott's

22

impediment argument is that the state court's rejection of the March 2017 motion did not "prevent[]" him from seeking federal habeas corpus relief; that is still true even if the state court did finally accept the March 2017 motion in 2021. Finally, the Court notes that in seeking a certificate of appealability from the Sixth Circuit, Prescott filed a supplemental brief indicating that the state trial court had recently denied his August 2021 motion for relief from judgment. Supplemental Brief, Prescott v. Stephenson, No. 21-2738 (6th Cir. filed Dec. 27, 2021). Even so, the Sixth Circuit did not grant Prescott a certificate of appealability.

In all, the Court fails to see how the clerk's refusal to timely accept Prescott's August 2021 motion for relief from judgment (or failure to timely update the docket to reflect acceptance of that motion) prejudiced Prescott's pursuit of this case.

## IV.

For the reasons given, the Court DENIES Prescott's motion for relief from judgment (ECF No. 20).

The Court also denies a certificate of appealability.

SO ORDERED.

Dated: October 11, 2022

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE